■ MANUFACTURERS HANOVER TRUST COMPANY, Appellant, v JILL H. WEISBROT, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Burton Sherman, J.), entered May 25, 1988, which, upon a finding in favor of defendant after a nonjury trial, dismissed the complaint seeking damages for unjust enrichment and restitution, unanimously reversed, on the law and on the facts, without costs or

disbursements, and plaintiff awarded the sum of $26,112.10 for which it shall have judgment thereon with interest.

Defendant received 36 checks, in an aggregate amount of over $100,000, from her husband, an admitted and subsequently convicted embezzler and thief, drawn on the plaintiff bank and made payable to defendant's order without any legal consideration and, after endorsing the checks, deposited the proceeds in one or more of her bank accounts. While we accept the trial court's finding that plaintiff was unable to establish defendant's complicity in her husband's criminal scheme, we do not agree that as to all 36 checks she was a mere conduit for her husband, as the court found. On the contrary, the proof shows that defendant received two checks totaling $15,112.10, which she used to buy bonds that are still in her possession. The evidence also shows that defendant transferred $5,000 of the proceeds from the stolen checks to a cash management fund in her name. Furthermore, under the terms of the divorce decree, the husband was required to purchase a car for defendant, for which he paid by an embezzled check in the sum of $15,562.50. According to defendant's trial testimony, the car was traded in 1984 in an exchange in which she received a credit of $6,000 toward the purchase of a new car. Plaintiff is entitled to the recovery of these traceable funds. Thus, it should have judgment for $6,000, the trade-in value of the car, the purchase of which is traceable to the stolen money, $5,000, representing the money transferred to defendant's cash management fund, and the $15,112.10 which she used to purchase bonds, making a total of $26,112.10 with interest. Concur—Sullivan, J. P., Ross, Milonas, Kassal and Ellerin, JJ.